# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**MICHAEL ALLEN CERVANTES**                          **PLAINTIFF**
**#202401292**

v.             No: 3:24-cv-00125-DPM-PSH

**MATT BELL,** *et al.*                                        **DEFENDANTS**

## ORDER

Before the Court is a motion by Plaintiff Michael Allen Cervantes ("Plaintiff") to appoint counsel (Doc. No. 26). Plaintiff claims he is in isolation and unable to buy paper and pens or research any cases. The Clerk of Court is directed to send a copy of this letter to the Greene County sheriff, so that the sheriff can assist Plaintiff in obtaining the supplies he needs to prosecute this case along with access to the jail's law library.

Plaintiff's motion to appoint counsel is DENIED without prejudice. A civil litigant does not have a constitutional or statutory right to appointed counsel in a civil action, but the Court may appoint counsel at its discretion. 28 U.S.C. § 1915(e)(1). The Court has considered Plaintiff's need for an attorney, the likelihood that Plaintiff will benefit from assistance of counsel, the factual complexity of the case, the Plaintiff's ability to investigate and present his case, and the complexity of the legal issues. In considering these factors, the Court finds that Plaintiff's claims

do not appear legally or factually complex, and it appears he is capable of prosecuting his claims without appointed counsel at this time. Counsel will be appointed at the direction of the Court when and if it is deemed necessary.

Plaintiff has also filed a motion to compel discovery (Doc. No. 28). He claims he propounded discovery on defendant Matt Bell on December 12, 2024, and sent a good faith letter to Bell's counsel on January 10, 2025, the same day he filed his motion to compel. Before filing a motion to compel discovery, a plaintiff must attempt to confer with the defendants in good faith to resolve the specific issues in dispute. *See* Fed. R. Civ. P. 37(a)(1); Local Rule 7.2(g).[1] Plaintiff's motion to compel is dated January 10, 2025, the same date he alleges he sent a good faith letter to opposing counsel. Filing a motion to compel does not constitute an attempt to resolve discovery disputes in good faith. Plaintiff must allow adequate time for defendant to respond to his good faith letter before filing a motion to compel. His motion to compel is therefore DENIED.

---

[1] Local Rule 7.2(g) provides:

> All motions to compel discovery and all other discovery-enforcement motions and all motions for protective orders shall contain a statement by the moving party that the parties have conferred in good faith on the specific issue or issues in dispute and that they are not able to resolve their disagreements without the intervention of the Court. If any such motion lacks such a statement, that motion may be dismissed summarily for failure to comply with this rule. Repeated failures to comply will be considered an adequate basis for the imposition of sanctions.

IT IS SO ORDERED this 23rd day of January, 2025.

_____
UNITED STATES MAGISTRATE JUDGE