# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**MICHAEL ALLEN CERVANTES**  **PLAINTIFF**
**#601673**

v.  No: 3:24-cv-00125-PSH

**MATT BELL,** *et al.*  **DEFENDANTS**

## ORDER

Before the Court are several motions filed by Plaintiff Michael Allen Cervantes ("Plaintiff"). These motions are DENIED for the reasons explained below.

Plaintiff's motion to appoint counsel (Doc. No. 60) is DENIED without prejudice. A civil litigant does not have a constitutional or statutory right to appointed counsel in a civil action, but the Court may appoint counsel at its discretion. 28 U.S.C. § 1915(e)(1). The Court has considered Plaintiff's need for an attorney, the likelihood that Plaintiff will benefit from assistance of counsel, the factual complexity of the case, the Plaintiff's ability to investigate and present his case, and the complexity of the legal issues. In considering these factors, the Court finds that Plaintiff's claims do not appear legally or factually complex, and it appears he is capable of prosecuting his claims without appointed counsel at this time. The Clerk of Court is directed to send a copy of this Order to the Warden of the Arkansas

Division of Correction's Cummins Unit so that he or she may assist Plaintiff with access to the law library and any supplies Plaintiff needs to prosecute this case. Counsel will be appointed at the direction of the Court when and if it is deemed necessary.

Plaintiff's motion to compel discovery (Doc. No. 61) is DENIED without prejudice. Defendant Matt Bell filed a response to Plaintiff's motion, stating that the medical records requested by Plaintiff had been sent to him, but the ADC would not allow him to keep a copy. *See* Doc. No. 63. Plaintiff may seek to review his medical records and take notes in accordance with ADC policy. Before filing a motion to compel discovery, a plaintiff must attempt to confer with the defendants in good faith to resolve the specific issues in dispute. *See* Fed. R. Civ. P. 37(a)(1), (4); Local Rule 7.2(g). In his most recent motion, Plaintiff does not allege that he attempted to confer with defendants before filing his motion to compel. Filing a motion to compel does not constitute an attempt to resolve discovery disputes in good faith.

Plaintiff's motion to have his deposition taken and to cross-examine the defendants (Doc. No. 62) is DENIED. If defendants wish to depose Plaintiff, they may file an appropriate motion under Federal Rule of Civil Procedure 30(a)(2). If Plaintiff wishes to depose the defendants, he must bear the expense of any depositions. The Federal Rules of Civil Procedure require that the party seeking to

depose a witness bears the recording costs.  Fed. R. Civ. P. 30(b)(3).  The *in forma pauperis* statute does not provide for the payment of costs associated with a plaintiff taking depositions.  *See* 28 U.S.C. § 1915(f); *Lewis v. Precision Optics, Inc.*, 612 F.2d 1074 (8th Cir. 1980).

IT IS SO ORDERED this 9th day of October, 2025.

_____
UNITED STATES MAGISTRATE JUDGE